IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 29 PM 2: 00

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| RORY ALLEN GREGORY, | X | |
| Petitioner, | X | |
| vs. | X | No. 04-2848-Ml/P |
| T.C. OUTLAW, | X | |
| Respondent. | X | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Rory Allen Gregory, Bureau of Prisons inmate registration number 36628-079, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 20, 2004. Because neither the case file nor the docket sheet contained any indication that the petitioner had paid the habeas filing fee, the Court issued an order on January 31, 2005 directing Gregory, within thirty days, to file an in forma pauperis affidavit or pay the filing fee. On February 8, 2005, the Clerk received a letter from the petitioner with a receipt indicating that the filing fee was paid on October 27, 2004. Accordingly, Gregory is in full compliance with the January 31, 2005 order.

Subsequent to the filing of this petition, Gregory has submitted a number of motions and other documents. On November 2, 2004, Gregory filed a motion to set an immediate evidentiary hearing on his petition. On November 17, 2004, Gregory filed a document, entitled "Supplemental Motion to Set Cause for an Immediate Evidentiary Hearing, and for the Issuance of Subpoenas for Witnesses and Subpoenas Duces Tecum for Documents." On November 18, 2004, Gregory filed a motion, entitled "Motion for the District Court to Take Judicial Notice," which sets forth information concerning his medical condition. On December 13, 2004, the clerk docketed a letter to this judge from Gregory, which had been received on December 8, 2004, asking for an immediate hearing on his petition. On January 3, 2005, Gregory filed a document, entitled "Motion for the District Court to take Judicial Notice," which cites legal authorities relevant to his petition. On August 8, 2005, Gregory filed a motion asking for the status of the petition.[1]

The petition alleges that Gregory has not been afforded appropriate medical treatment of his urinary tract blockages,

---

[1] Several other documents were also filed in this case. On March 24, 2005, the Clerk filed an order issued by the Sixth Circuit on March 22, 2005 refusing to accept original jurisdiction over the petition and refusing to issue a writ of mandamus. On April 4, 2005, Gregory filed two motions, directed to the Chief Judge, entitled "Ex Parte Petition for Reassignment of Case to Another United States District Court Judge (Good Cause Shown)," and "Motion for Ex Parte Communication with Chief Judge Pursuant to Local Rule LR83.5," both of which asked for reassignment of this petition to another judge because of the length of time it has been pending. Because these motions were filed under the docket number for this case, they were not sent to the Chief Judge, who is not assigned to this case. Pursuant to Local Rule 83.3(a)(1), cases are assigned by the clerk.

2

urinary tract infections, and kidney stones.[2] The petition asserts that Gregory has a liberty interest in the avoidance of unconstitutional conditions of confinement and, therefore, he is entitled to relief from prison because of these purported Eighth Amendment violations.

It is necessary, as a threshold matter, to consider whether this claim can be brought in a petition pursuant to 28 U.S.C. § 2241 or whether it can only be raised in a civil action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). As the Supreme Court explained:

> The original view of a habeas corpus attack upon detention under a judicial order was a limited one. The relevant inquiry was confined to determining simply whether or not the committing court had been possessed of jurisdiction. . . . But, over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. . . . Thus, whether the petitioner's challenge to his custody is that the statute under which

---

[2] Gregory previously raised this issue in a complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), which is currently pending. Gregory v. Federal Bur. Of Prisons, et al., No. 04-2628-Ma/V (W.D. Tenn. filed Aug. 9, 2004).

3

he stands convicted is unconstitutional . . . ; that he has been imprisoned prior to trial on account of a defective indictment against him . . . ; that he is unlawfully confined in the wrong institution . . . ; that he was denied his constitutional rights at trial . . . ; that his guilty plea was invalid . . . ; that he is being unlawfully detained by the Executive or the military . . . ; or that his parole was unlawfully revoked, causing him to be reincarcerated in prison . . . —in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement.

Id. at 485-86 (citations omitted); see also id. at 487 ("[R]ecent cases have established that habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases.").

Although there is some blurring of the lines between a habeas petition and an action pursuant to 42 U.S.C. § 1983 or Bivens, this case does not approach that line. As the Seventh Circuit explained:

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. . . . State prisoners who want to raise a constitutional challenge to any other decision, such as a transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all . . . . Legal rules, like physical surfaces, cause diffraction at the edges . . . , but the exceptions (like the scattering of light) may be ignored for most practical purposes.

4

>
> Prisoners who follow the rule stated in this paragraph rarely will go wrong; those who ignore it rarely will go right.

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (citations omitted); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. . . . A habeas petition, on the other hand, is the proper vehicle to seek release from custody.") (citations omitted). In this case, the petition does not challenge either the fact or the duration of the prisoner's confinement. It is, instead, limited to a challenge to the medical care that has been afforded this prisoner for his condition. This is a matter that falls squarely under the purview of Bivens. Villanueva-Monroy v. Hobart, No. 05-C-214-C, 2005 WL 941144, at *1 (W.D. Wis. Apr. 18, 2005) ("Even if the petitioner were to prove that his medical need is serious and that respondent has been deliberately indifferent to it, he would not be entitled to release or modification of his sentence. The injury he alleges is a claim that must be raised in a civil action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents.").[3]

---

[3] The Seventh Circuit recognized that prisoners may have strategic reasons for preferring habeas to § 1983 or Bivens:

> The Prison Litigation Reform Act, which applies to prisoners' civil suits, imposes requirements different from those of the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on confinement, making it important to classify cases correctly. . . . Prisoners may be tempted to choose one route
> (continued...)

5

The cases cited by Gregory in his January 3, 2005 filing do not support the relief he seeks in this petition. In <u>Coffin v. Reichard</u>, 143 F.2d 443 (6th Cir. 1943) (per curiam), the Sixth Circuit reversed the dismissal of a habeas petition filed by a prisoner who was serving his federal sentence at a prison hospital. In holding that the petition asserted a cognizable claim, the Sixth Circuit observed that the petition raised an issue as to the petitioner's physical and mental condition at the time he signed a confession and entered a guilty plea. <u>Id.</u> at 444. The Sixth Circuit also held that, in the course of its review of the petition, the district court could also consider the petitioner's allegations concerning the allegedly unconstitutional conditions of his confinement. <u>Id.</u> at 445. <u>Coffin</u> did not hold that a challenge to a prisoner's conditions of confinement was cognizable in habeas in the absence of an underlying challenge to the validity of the petitioner's conviction or sentence. Moreover, the decision in <u>Coffin</u> appears to be inconsistent with the Supreme Court's

---

[3] (...continued)
rather than another to avoid limitations Congress adopted. For example, the filing fee for an action seeking a writ of habeas corpus is $5, while the fee to commence a case under § 1983 is $150 . . . , and the fee in a § 1983 case eventually will be collected from the prisoner's trust account under 28 U.S.C. § 1915(b) even if the prisoner cannot pay in advance. Frivolous actions count as "strikes" under § 1915(g), and a prisoner who has accumulated three strikes must as a rule prepay the fees in all future civil actions, while collateral attacks are not subject to limitation because of prior frivolous suits.

<u>Moran</u>, 218 F.3d at 649 (citations omitted). In this case, there is no indication that the prisoner has exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), which is required in order to assert a <u>Bivens</u> claim.

6

subsequent decision in <u>Preiser</u>, <u>see</u> <u>supra</u> pp. 3-4,[4] and <u>Coffin</u> has rarely been cited since the issuance of the decision in <u>Preiser</u>.

Gregory also relies on <u>Armstrong v. Cardwell</u>, 457 F.2d 34, 35 (6th Cir. 1972), in which the Sixth Circuit, relying on <u>Coffin</u>, stated that a challenge to prison conditions may sometimes be cognizable in a habeas petition. The particular claim at issue, that prison officials physically destroyed or mutilated his

---

[4] The majority in <u>Preiser</u> described the appropriate procedure for the factual situation at issue in <u>Coffin</u>:

> If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement.

411 U.S. at 499 n.14. The majority went on to note, in <u>dicta</u>, that "[t]his is not to say that habeas corpus may not also be available to challenge such prison conditions. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." <u>Id.</u> at 499; <u>see also</u> <u>id.</u> at 500 (concluding that "we need not in this case explore the appropriate limits of habeas corpus as an alternative to a proper action under § 1983. That question is not before us."). However, the two cases cited by the majority in support of that proposition—<u>Johnson v. Avery</u>, 393 U.S. 483 (1969), and <u>Wilwording v. Swenson</u>, 404 U.S. 249 (1971) (per curiam)—are materially distinguishable from the instant case. In <u>Johnson</u>, the Supreme Court overturned a Tennessee regulation prohibiting inmates from assisting other prisoners in the preparation of legal papers on the ground that it impaired the ability of prisoners to petition for writs of habeas corpus. In <u>Wilwording</u>, 404 U.S. at 249-50, the Supreme Court held that habeas petitions filed by state prisoners under 28 U.S.C. § 2254 challenging disciplinary convictions and conditions of confinement could not be dismissed on the ground that the petitioners had not invoked every conceivable means of redressing their grievances in state court. The Supreme Court also noted that the petitioners' claims were cognizable under 42 U.S.C. § 1983, which (at that time) had no exhaustion requirement. <u>Id.</u> at 251-52.

The dissent in <u>Preiser</u>, 411 U.S. at 504, cited <u>Coffin</u> for the proposition that the scope of habeas review historically has been broader than that described in the majority opinion. Since the decision in <u>Preiser</u>, the Supreme Court has not endorsed the use of habeas corpus to challenge a prisoner's custody because he "is put under additional and unconstitutional restraints during his lawful custody," 411 U.S. at 499, such as a denial of appropriate medical care.

7

petitions seeking habeas corpus relief and placed him in solitary confinement when he persisted in attempting to file habeas petitions, is akin to the claim at issue in Johnson v. Avery, where restrictions were placed on a prisoner's access to the courts to seek habeas relief. The decision in Armstrong did not address habeas claims such as this one, that seek release from prison solely on the basis of allegedly unconstitutional conditions of confinement. Moreover, Armstrong, like Coffin, predated Preiser and has not been relied on in support of the grant of habeas relief by any court in this circuit since Preiser. Cf. Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999) ("The district court properly dismissed Okoro's conditions of confinement claim, because it is not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement."); King v. Schotten, No. 94-3087, 1994 WL 276906, at *1 (6th Cir. June 21, 1994) (noting that habeas claims "challenging the conditions of [the prisoner's] confinement were also properly dismissed," citing Preiser, 411 U.S. at 490).

Because of the vastly different procedural requirements for habeas petitions and § 1983 or Bivens actions, a court confronted with a habeas petition that is properly brought under § 1983 or Bivens should dismiss the petition, rather than "converting" the petition to a § 1983 or Bivens action. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); Moran, 218 F.3d at

8

651.[5] As Gregory is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED without prejudice to his right to assert this claim in a Bivens action. In light of the dismissal of the petition, each and every one of the outstanding motions is DENIED as moot.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241, McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and it also is inapplicable to this case, which was not properly brought as a habeas petition, Moran, 218 F.3d at 650; Walker v. O'Brien, 216 F.3d 626, 637-39 (7th Cir. 2000).

Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§

---

[5] Even if that were not the case, the fact that this petitioner presently has a Bivens action pending suggests that he is fully aware of that potential avenue of redress. See supra p. 3 n.2.

9

1913 and 1917. Although the Sixth Circuit has concluded that the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, do not apply to § 2254 petitions, it has not resolved whether these requirements apply to § 2241 petitions. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions). However, where, as here, a prisoner attempts to cloak an alleged civil rights violation as a habeas petition, "the district court must assess the applicable appellate filing fee . . . under the McGore procedures." Kincade, 117 F.3d at 952.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Because these claims plainly are not cognizable in a § 2254 petition, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the petitioner is not taken in good faith and petitioner may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if petitioner appeals the dismissal of this case.[6] In

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:
(continued...)

10

McGore, 114 F.3d at 610-11, the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the petitioner is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

      IT IS SO ORDERED this __29__ day of August, 2005.

                                       /s/ Jon P. McCalla
                                       JON PHIPPS McCALLA
                                       UNITED STATES DISTRICT JUDGE

---

(...continued)
    Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:04-CV-02848 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Rory Allen Gregory
36628-079
1101 John A. Denie Rd
P.O. Box 34550
Memphis, TN 38184--055

Honorable Jon McCalla
US DISTRICT COURT